UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY KING,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>    Defendant. | Case No. 21-cv-02839-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND**<br><br>Re: Dkt. No. 9 |

Defendant's motion to dismiss the complaint is scheduled for a hearing on July 30, 2021. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion and GRANTS plaintiff leave to amend. The amended complaint is due no later than **September 3, 2021**. The initial case management conference scheduled for July 30 is rescheduled to **October 29 at 2:30 p.m.**

The Court encourages plaintiff to access the resources for *pro se* litigants at the Northern District's website, www.cand.uscourts.gov/pro-se-litigants/ and to contact the Legal Help Center for assistance at (415) 782-8982.

**BACKGROUND**

On April 19, 2021, plaintiff Troy King filed a *pro se* complaint against defendant Alameda County Department of Child Support Services ("DCSS"). The complaint alleges that plaintiff was working as an independent contractor for Postmates, a food delivery company in San Francisco, and that plaintiff provided his "work information" to DCSS. Compl. ¶ 6. At some point, DCSS sent Postmates an Income Withholding Order to withhold plaintiff's earnings for child support payments.

*Id.* ¶ 7. "[W]ithout Plaintiff's consent," Postmates withheld child support payments at the beginning of each calendar month." *Id*. ¶ 8. Plaintiff then received several "Notices of Intent to Suspend Driver's License" from the Department of Motor Vehicles due to nonpayment of child support. *Id.* ¶ 9. The complaint is silent as to whether plaintiff's driver's license was actually suspended.

On September 27, 2019, plaintiff visited the DCSS office to speak to an individual named "Wong," but she was on a lunch break. *Id.* ¶ 10. Plaintiff spoke to Wong's co-worker, Mr. Wright, who told plaintiff that "Wong failed to follow policy protocols to verify if Postmates submitted child support payment[s] (1) by sending Postmates delinquent notices, (2) doing the monthly task to verify if payments were submitted through Postmates, [and] (3) failed to do an account review to verify payments." *Id*. ¶¶ 10-12. The complaint alleges that "Wong is aware through experience working at [DCSS] that some employers wait until the end of the month to submit child support payments" and thus that "if Wong had concerns about Plaintiff's nonpayment of child support, other policy protocols required her to contact the employer to ensure the correct case number, social security number, or PAR ID were accurate . . . ." *Id*. ¶ 13. Plaintiff alleges that Wong was negligent and that "Wong's conduct was condoned and ratified by her supervisor." *Id.* ¶¶ 14-15.

The complaint alleges four causes of action against DCSS and Does 1-20: (1) "Deprivation of Rights" and violation of Equal Protection under 42 U.S.C. § 1983; (2) "Violation of 14th Amendment (Due Process of Law)" under 42 U.S.C. § 1983; (3) Negligence; and (4) Intentional Infliction of Emotional Distress.

**LEGAL STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of

2

specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). If a court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

DCSS moves to dismiss the complaint for failure to state a claim. DCSS contends that plaintiff's federal claims do not allege facts establishing a basis for liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and that the state law claims for negligence and intentional infliction of emotional distress are not supported by factual allegations and barred by immunity.

**I.     42 U.S.C. § 1983 – *Monell* Claims**

The first and second causes of action allege that DCSS violated plaintiff's constitutional rights, and plaintiff brings those claims pursuant to 42 U.S.C. § 1983. Local government entities

are "persons" subject to liability under § 1983 where official policy or custom causes a constitutional tort, *see Monell*, 436 U.S. at 690; however, a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. Thus, a public entity "cannot be held liable solely because it employs a tortfeasor." *Monell*, 436 U.S. at 691.

To establish an official policy that would give rise to *Monell* liability, a plaintiff must allege facts to support one of the following to survive dismissal of its claim: (1) an unconstitutional custom or policy behind the violation of rights; (2) a deliberately indifferent omission, such as a failure to train or failure to have a needed policy; or (3) a final policymaker's involvement in, or ratification of, the conduct underlying the violation of rights. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010) (synthesizing authorities), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). Proof of random acts or isolated incidents of unconstitutional action by a non-policymaking employee are insufficient to establish the existence of a municipal policy or custom. *See Rivera v. County of Los Angeles*, 745 F.3d 384, 398 (9th Cir. 2014); *McDade v. West*, 223 F. 3d 1135, 1142 (9th Cir. 2000); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).

Plaintiff has failed to state a claim against DCSS under this standard. The complaint alleges that DCSS employee Wong was negligent and failed to follow "policy protocols," and that "Wong's conduct was condoned and ratified by her supervisor." Compl. ¶¶ 10-15. As an initial matter, the Supreme Court has held that mere negligence by an official does not trigger the protections of the Fourteenth Amendment and therefore does not state a claim under section 1983. *See Daniels v. Williams*, 474 U.S. 327, 330-32 (1986). In addition, plaintiff's allegations are insufficient to show the existence of an official policy or custom that violated plaintiff's constitutional rights. Indeed, as DCSS notes, the complaint alleges that Wong was negligent because she failed to follow certain policies. Further, the allegation that Wong's unnamed supervisor ratified her actions lacks factual support, and the complaint does not allege that Wong's supervisor is a final policymaker.

Plaintiff argues in his opposition that his allegations are sufficient because the Supreme Court rejected a heightened pleading standard for *Monell* claims in *Leatherman v. Tarrant County*

*Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). However, "while neither *Iqbal* nor *Twombly* overruled *Leatherman*, the pleading standard for *Monell* claims has been thrown into question, and, in the Ninth Circuit at least, appears to be modified." *Brown v. Contra Costa County*, No. C 12-1923 PJH, 2012 WL 4804862, at *12 (N.D. Cal. Oct. 9, 2012). "In *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied*, 566 U.S. 982, the Ninth Circuit considered the impact of *Iqbal* and *Twombly*, and concluded that a pleading of municipal liability 'must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively,' and that the facts 'must plausibly suggest an entitlement to relief.'" *Id.* (quoting *Starr*, 652 F.3d at 1216). Here, the complaint does not allege facts showing any unconstitutional conduct that resulted from an official policy or custom.

Plaintiff's section 1983 claims suffer from additional deficiencies. The first cause of action alleges DCSS violated plaintiff's rights under the Equal Protection Clause. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "To state a § 1983 claim for violation of the Equal Protection Clause[,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and internal quotation marks omitted).

Here, the complaint does not allege plaintiff's membership in a protected class or how DCSS acted with an intent or purpose to discriminate against him based on that protected status. Plaintiff's opposition brief states that he is African-American, but neither the complaint nor the opposition contain any facts showing that DCSS discriminated against plaintiff because he is African-American.

The second cause of action alleges that DCSS violated plaintiff's rights under the Due Process Clause. In relevant part, the Fourteenth Amendment commands that "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law . . . ."

U.S. Const. amend. XIV § 1. To succeed on a substantive or procedural due process claim, a plaintiff "must first demonstrate that he was deprived of a constitutionally protected property interest." *Gerhart v. Lake County, Mont.*, 637 F.3d 1013, 1019 (9th Cir. 2011 (9th Cir. 2011). In addition, if plaintiff is alleging a substantive due process claim, plaintiff must allege "conscience shocking behavior by the government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). If plaintiff is alleging a procedural due process claim, plaintiff "must allege facts showing not only that the State has deprived him of a . . . property interest but also that the State has done so without due process of law." *Gearhart v. Thorne*, 768 F.2d 1072, 1073 (9th Cir. 1985) (quoting *Marrero v. City of Hialeah*, 625 F.2d 499, 519 (5th Cir. 1980)) (internal quotation marks omitted).

The complaint does not allege that plaintiff was deprived of a constitutionally protected property interest. It is unclear whether plaintiff is challenging the deduction of child support payments from his Postmates pay or if plaintiff is challenging the threatened suspension of his driver's license. If plaintiff is challenging the latter, the complaint does not state whether plaintiff's driver's license was actually suspended. In addition, it is not clear whether plaintiff is alleging a substantive due process claim, in which case there must be "conscience shocking behavior," or a procedural due process claim, in which plaintiff must allege facts showing that the government deprived him of a property interest without adequate safeguards. *See Brittain*, 451 F.3d at 1000.

Accordingly, the Court concludes that plaintiff has failed to state claims under 42 U.S.C. § 1983, and GRANTS defendant's motion to dismiss. The Court will GRANT plaintiff leave to amend. If plaintiff chooses to amend, plaintiff must be able to allege facts showing the existence of a municipal policy or custom that deprived him of his constitutional rights. Simply alleging that DCSS employee Wong was negligent or that Wong's supervisor ratified her negligence is not enough. In addition, plaintiff must allege facts showing that his constitutional rights to Equal Protection and/or Due Process were violated.

## II. State Claims

Plaintiff also alleges state law claims for negligence and intentional infliction of emotional distress. Because it is unclear whether plaintiff will be able to state a federal claim – and the federal

6

claims provide the basis for this Court's jurisdiction – the Court does not address defendant's arguments in favor of dismissing the state claims at this time. *See* 28 U.S.C. § 1367(c) (court may decline supplemental jurisdiction over state law claims if federal claims have been dismissed); *Acri v. Varian Assocs.*, 114 F.3d 999, 1000 (9th Cir. 1997). However, the Court advises plaintiff to evaluate defendant's arguments if plaintiff chooses to pursue the state claims.

**CONCLUSION**

Accordingly, the Court GRANTS defendant's motion to dismiss the complaint and GRANTS plaintiff 60 days to file an amended complaint. The amended complaint is due no later than **September 3, 2021**. The initial case management conference scheduled for July 30 is rescheduled to **October 29 at 2:30 p.m.**

**IT IS SO ORDERED**.

Dated: June 30, 2021

SUSAN ILLSTON
United States District Judge

7