UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY KING,<br><br>        Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, et al.,<br><br>        Defendants. | Case No. 21-cv-02839-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 37, 47 |

On August 26, 2022, the Court held a hearing on defendants' motions to dismiss the first amended complaint. Plaintiff Troy King appeared at the hearing. For the reasons set forth below, the Court GRANTS defendants' motions without leave to amend.

**BACKGROUND**

**I.    Original Complaint and Order Dismissing Original Complaint**

On April 19, 2021, plaintiff Troy King filed a *pro se* complaint against defendant Alameda County Department of Child Support Services ("DCSS"). Compl. at 1 (Dkt. No. 1). The complaint asserted causes of action under 42 U.S.C. § 1981 and 42 U.S.C. § 1983, as well as state law claims of negligence and intentional infliction of emotional distress. The complaint alleged that DCSS and the California Department of Motor Vehicles ("DMV") wrongfully sent Income Withholding

Letters and Notices of Intent to Suspend Driver's License relating to King's child support payments. *Id.* at 2. On June 30, 2021, this Court granted DCSS's motion to dismiss and granted plaintiff leave to amend noting:

> If plaintiff chooses to amend, plaintiff must be able to allege facts showing the existence of a municipal policy or custom that deprived him of his constitutional rights. Simply alleging that DCSS employee Wong was negligent or that Wong's supervisor ratified her negligence is not enough. In addition, plaintiff must allege facts showing that his constitutional rights to Equal Protection and/or Due Process were violated.

Order Granting Defendant's Motion to Dismiss at 6 (Dkt. No. 20).

King was given 60 days—until September 3, 2021—to file an amended complaint. *Id.* at 1. On September 3, 2021, King filed an administrative motion to extend the deadline for filing his amended complaint to November 3, 2021. Dkt. No. 21. The Court granted this motion. Dkt. No. 24. On November 3, 2021, King filed a second administrative motion to extend the deadline for filing his amended complaint to December 13, 2021. Dkt. No. 28. The Court also granted this motion. Dkt. No. 30.

## II. First Amended Complaint

King filed a First Amended Complaint ("FAC") on December 20, 2021. Dkt. No. 33. On January 18, 2022, the County of Alameda moved to dismiss plaintiff's FAC. Dkt. No. 37. On February 7, 2022, this Court granted King's administrative motion to add the DMV as a defendant. Dkt. No. 42. The Court also vacated the briefing schedule on the County's motion to dismiss to allow for service on the DMV. *Id.* After the DMV appeared in this case and filed its motion to dismiss, the Court set a new consolidated briefing schedule under which King's oppositions to the motions to dismiss were due on June 3, 2022. Dkt. No. 48. On that filing deadline, King filed another administrative motion requesting an extension of the deadline to file his opposition to July 1, 2022. Dkt. No. 49. The Court granted this motion, noting that this would be the final extension. Dkt. No. 52. King did not file an opposition.

The FAC includes ten causes of action: (1) "Violation of 42 U.S.C. § 1983 - Deprivation of Rights and Equal Protection"; (2) "Municipal Liability 42 U.S.C. § 1983 *Monell* Claim"; (3)

"Violation of 42 U.S.C. § 1983 – Due Process"; (4) "Fourth Amendment Violation – Unreasonable Seizures"; (5) "Negligent Hiring, Retention, and Supervision"; (6) "Fraud"; (7) "42 U.S.C. § 1981 Violations - Racial Discrimination"; (8) "Intentional Infliction of Emotional Distress – Vicarious Liability"; (9) "Negligence"; and (10) "Conspiracy".[1] FAC (Dkt. No. 33). The DMV is not named in the seventh and ninth causes of action. *Id.* King seeks injunctive and declaratory relief, as well as $2,000,000 in compensatory damages.

The amended complaint alleges that "Defendants misrepresented the validity of a child support order by stating that Plaintiff was out of compliance with his child support obligations[.]" FAC ¶ 21. These misrepresentations have "led to the multiple Income Withholding Orders and revocation of Plaintiff's license to work as a truck and food delivery driver, [the revocation of] Plaintiff's driver's license, as well as the reduction of Plaintiff's wages and unemployment benefits." *Id.* King claims that he has been wrongfully denied the opportunity to challenge the seizure of his driver's license. *Id.* ¶ 56.

With respect to the underlying child support order, the complaint alleges that "without proper notification neither parent knew that the child support matter would convene on June 18, 2015, [and] without their knowledge a court order was granted and remains in place." *Id.* ¶ 25. King alleges that the "Alameda County Department of Child Support action deprives Plaintiff of his right under the 14th Amendment (due process of law) to have been heard and the ability to question the amount of support granted," and that the DCSS agents "overstated Plaintiff['s] actual gross income . . . ." *Id.* ¶¶ 26-28. King alleges that he has been unable to make his child support payments, and that DCSS agents "neglected to verify his inability to pay child support payments prior to submitting his license to ("DMV") for suspension." *Id.* ¶ 40. King alleges that "there were other policy protocols requiring ("ACDCSS") to contact him regarding non-payment of child support before submitting a request to DMV to suspend his license." *Id.* ¶ 37.

---

[1] These causes of action are listed as they appear in the body of the FAC, which varies slightly from how they appear on the caption page both in wording and order.

3

**LEGAL STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

If a court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.     California Department of Motor Vehicles**

The California Department of Motor Vehicles moves to dismiss plaintiff's FAC on numerous grounds, including Eleventh Amendment immunity. Because the Court agrees that the DMV is entitled to Eleventh Amendment immunity, the Court does not address the other asserted grounds for dismissal.

In general, the Eleventh Amendment prevents federal courts from hearing suits against a nonconsenting state. *Allen v. Cooper*, 140 S. Ct. 994, 1000 (2020). Eleventh Amendment immunity applies unless the state has waived its immunity or Congress has overridden that immunity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir.1995). Eleventh Amendment immunity also extends to suits against a state agency. *See, e.g.*, *Fortson v. Los Angeles City Atty's Office*, 852 F.3d 1190, 1192 (9th Cir. 2017) (Calif. Bureau of Firearms entitled to Eleventh Amendment immunity).

In this case, the DMV is protected by the Eleventh Amendment because it operates as an agency of the state of California. *See Banks v. Dep't of Motor Vehicles for Cal.*, 419 F. Supp. 2d 1186, 1193-94 (C.D. Cal. 2006) (identifying the California Department of Motor Vehicles as a state agency and holding that Eleventh Amendment immunity applies); *see also Sykes v. State of Cal. (Dep't of Motor Vehicles)*, 497 F.2d 197, 201 (9th Cir. 1974) ("The State of California Department of Motor Vehicles is not a 'person' within the meaning of the Civil Rights Statutes and is thus also immune from suit under those statutes."). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under [42 U.S.C.] § 1983 in federal court, and the Supreme Court has held that '§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]'" *Dittman v. State of California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) (quoting *Kentucky v. Graham*, 473 U.S. 159, 169 n. 17)). Therefore, King's claims against the DMV are barred by the Eleventh Amendment.[2]

---

[2] At the hearing, Mr. King argued that there is caselaw holding that the DMV can be sued, citing *Kotler v. Webb*, Case No. CV 19-2682-GW-Skx, 2019 WL 4635168 (C.D. Cal. Aug. 29, 2019). *Kotler* is distinguishable, however, because in that case the plaintiff sued defendant Kathleen Webb in her official capacity as Director of the California DMV, and the plaintiff sought injunctive

5

## II. DCSS

The County of Alameda moves to dismiss King's claims on numerous grounds. The County argues that King's claims are barred by the *Rooker-Feldman* doctrine and that King has failed to sufficiently allege the elements of each cause of action.

The Court concludes that to the extent King challenges the validity of the underlying child support order, those claims are precluded by the *Rooker-Feldman* doctrine. Federal district courts, as courts of original jurisdiction, may not review the final determinations of state courts. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts). Accordingly, under the *Rooker-Feldman* doctrine:

> [i]f claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483 n.16 & 485). The *Rooker-Feldman* doctrine bars an action in which a party essentially asks the federal court to review the state court's decision and afford that party the same remedy he was denied in state court. *Id.* The *Rooker-Feldman* doctrine applies even when the state court judgment is not issued by the highest state court, *see Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986), and when federal constitutional issues are at stake, *see Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995); *Mullins v. Oregon*, 57 F.3d 789, 792 (9th Cir. 1995).

Here, many of King's allegations challenge the child support order: King alleges he was not given proper notice of the hearing, that the amount of support was improperly calculated and set too high, and that he was not provided a fair and unbiased review of his child support order. To the

---

and declaratory relief, not damages. The Eleventh Amendment "does not preclude a suit against state officers for prospective relief from an ongoing violation of federal law." *Children's Hosp. & Health Ctr. v. Belshe*, 188 F.3d 1090, 1095 (9th Cir. 1999) (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)).

extent King's federal claims request that this Court review and modify the state court custody order, such relief is foreclosed by the *Rooker-Feldman* doctrine.

The remainder of King's allegations in support of the federal causes of action against DCSS fail to state a claim for the reasons articulated by the County in its motion and identified by the Court in the order dismissing the original complaint. The due process claims (first and third causes of action) are deficient because King has not alleged facts showing that DCSS deprived King of a property interest, nor does King allege the inadequacy of remedies available to him under state law to seek a modification of the child support order or to challenge the DMV's suspension of his license. The Fourth Amendment claim (fourth cause of action) regarding the seizure of King's vehicle fails for the same reason. King's equal protection and section 1981 claims (second and seventh causes of action) do not allege facts showing that DCSS discriminated against King on the basis of his race or other protected characteristic. King's *Monell* claim (second cause of action) does not allege facts showing the existence of a policy or practice that resulted in the violation of King's constitutional rights, and instead contains conclusory allegations of municipal liability.

Accordingly, the Court DISMISSES King's federal causes of action against DCSS. The Court concludes that leave to amend would be futile because the DMV is immune from suit under the Eleventh Amendment and King has not articulated how he would cure the deficiencies in his claims against the County.

King's fifth, sixth, eighth, ninth, and tenth causes of action are California state law claims, which are only properly before the Court through supplemental jurisdiction. A district court may decline to exercise supplemental jurisdiction if: "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir.), supplemented, 121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997) (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). The Court has dismissed the federal causes of action without leave to amend, and thus declines supplemental jurisdiction over the state law claims.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motions to dismiss the first amended complaint, without leave to amend as to the federal claims and without prejudice as to the dismissed state claims.

**IT IS SO ORDERED**.

Dated: August 26, 2022

SUSAN ILLSTON
United States District Judge